UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CITY OF JEFFERSONTOWN, KENTUCKY                             Plaintiff

v.                                       Civil Action No. 3:18-CV-00170-RGJ-RSE

DIGITAL ALLY, INC.                                       Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Digital Ally, Inc.'s Motion to Dismiss. [DE 6]. This matter is ripe for adjudication. For the reasons below, the Court DENIES Defendant Diversified Consultant, Inc.'s Motion to Dismiss and TRANSFERS this matter under 28 U.S.C. § 1404(a) to the district court in Kansas.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts at this stage of the litigation are not in dispute. In 2015, the City of Jeffersontown, Kentucky ("Jeffersontown") contracted with Digital Ally, Inc. ("Digital Ally") to purchase body cameras and related equipment. [DE 1-2 at 8, ¶¶ 5–7]. The contract contained these provisions:

> **Governing Law; Jurisdiction and Venue.** This Order and all disputes arising under this Order are exclusively subject to, governed by, and construed in accordance with the law of the State of Kansas, without regard to rules of conflicts of law. Any action relating to this Order must be brought in state or federal courts located in Johnson County, Kansas, and the parties hereby irrevocably consent to the exclusive jurisdiction of, and venue in such courts.

(the "Jurisdiction Provision"), and

> **Prevailing Party's Attorneys' Fees.** In the event of any litigation or arbitration related to this Order, the prevailing party will be entitled to recover from the non-prevailing party, the costs and expenses (including attorneys' fees) reasonably incurred by the prevailing party in connection therewith.

(the "Attorneys' Fees Provision"). [DE 6-1 at 22].

Jeffersontown sued Digital Ally in Kentucky state court, alleging that the goods delivered to Jeffersontown by Digital Ally failed to work properly and asserting various state causes of action. [DE 1-2 at 8–9]. Digital Ally removed the action to this Court. [DE 1]. Digital Ally then moved to dismiss Jeffersontown's claims pursuant to Fed. R. Civ. P. 12(b)(6) and award Digital Ally attorneys' fees. [DE 6 at 20]. Jeffersontown responded, [DE 7], and Digital Ally replied. [DE 8].

## II. STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted).

## III. DISCUSSION

### A. Jurisdictional Provision

Digital Ally requests that the Court dismiss the Complaint because the Jurisdictional Provision dictates that an action related to the contract may only commence in Kansas. Digital Ally argues the forum-selection clause within the Jurisdictional Provision "should be upheld absent a strong showing that it should be set aside," and "the party opposing the forum selection

clause bears the burden of showing that the clause should not be enforced." [DE 6 at 19 (citing *Wong v. Partygaming Ltd.*, 589 F.3d 821, 826 (6th Cir. 2009)].

Jeffersontown opposes the Motion to Dismiss on two grounds. First, Jeffersontown asserts that Digital Ally's removal of this matter voluntarily waived the forum selection clause, under *Kerobo v. SW Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002), and thus 28 U.S.C. §1441(a) alone governs this action. [DE 7 at 29–30]. Second, Jeffersontown alleges that the Jurisdictional Provision is unenforceable for being unreasonable or unjust. [*Id.* at 30–31].

1. **Enforceability of the Jurisdictional Provision**

Digital Ally asserts that the Jurisdictional Provision requires disputes be brought in Johnson County, Kansas. [DE 6 at Ex. 1 ¶ 13]. As a result, Digital Ally argues that Jeffersontown has improperly ignored the provision mandating dismissal under Rule 12(b)(6).

"[I]n a diversity suit, the enforceability of the forum selection clause is governed by federal law." *Wong*, 589 F.3d at 828. "Under federal law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." *Griffin v. Baker & Taylor, Inc.,* No. 5:12-CV-00103, 2013 WL 610957, at *7 (W.D. Ky. Feb. 19, 2013) (quoting *Rivera v. Centro Medico de Turabo,* 575 F.3d 10, 17 (1st Cir.2009)). "Permissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere . . . In contrast, mandatory forum selection clauses contain clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." 14D Charles Alan Wright, *et al., Federal Practice & Procedure* § 3803.1 (3d ed.2012); *see also Gen. Elec. Co. v. Siempelkamp GmbH & Co.,* 29 F.3d 1095, 1099 (6th. Cir. 1994) (mandatory clauses typically use words like "must" and "shall). It is

3

undisputed that the Jurisdictional Provision is mandatory, requiring disputes to be brought in Johnson County, Kansas.

"A forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong*, 589 F.3d at 828 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). Generally, "[w]hen evaluating the enforceability of a forum selection clause, this court looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* (citing *Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999)). "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.* (citing *Shell.*, 55 F.3d at 1229).

Jeffersontown does not argue that any of these three factors supports finding the Jurisdictional Provision unenforceable. Instead, it argues requiring Jeffersontown to litigate in Kansas "would be against the strong public policy of Kentucky" because the goods bargained for were delivered and used in Kentucky and would be used as evidence in Kentucky courts. [DE 7 at 32].

While there is an exception to the three-factor test outlined in *Wong* for situations in which enforcing a forum selection clause would violate strong public policy considerations of the forum in which suit was brought, this argument is unpersuasive. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) ("A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.") (*citing Boyd v. Grand Trunk W.R. Co.*, 338 U.S. 263 (1949)). When determining whether enforcement of a forum selection clause would

4

violate public policy, courts look to whether the remedies, or lack thereof, available in the foreign jurisdiction would offend the policies of the forum in which the suit was brought. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1232 (6th Cir. 1995). Jeffersontown fails to show that Kansas law would be incapable of remedying the alleged damages.

Additionally, "Kentucky law is very similar to federal law in that it frequently enforces forum selection clauses." *Payment All. Int'l., Inc. v Deaver*, CIVIL ACTION NO. 3:17-CV-693-TBR, 2018 WL 661491, at *4 n.4 (W.D. Ky. Feb. 1, 2018). Under Kentucky law, enforcing forum selection clauses "does not displace a fundamental public policy." *Fite & Warmath Const. Co., Inc. v. MYS Corp.*, 559 S.W.2d 729, 735 (Ky. 1977); *see also Prudential Res. Corp. v. Plunkett*, 583 S.W.2d 97, 100 (Ky. 1979) ("public policy will not void a forum choosing clause"). Kentucky courts specifically consider that "ordinary claims for breach of contract," such as the claims here, do not "implicate[] such strong public policies of this state as to overcome the presumptive enforceability of" forum selection clauses so long as "it is clear" that the plaintiff "can obtain a fair hearing" in the foreign forum. *Calihan v. Power Mktg. Direct, Inc.*, No. 2005–CA–002600–MR, 2007 WL 625125, at *2 (Ky. App. Mar. 2, 2007).

Jeffersontown "ha[s] not carried [its] heavy burden of showing that enforcing this forum selection clause would be unjust or unreasonable." *Wong*, 589 F.3d at 830 (internal quotation marks omitted). The Jurisdictional Provision is therefore enforceable.

### 2. Digital Ally Did Not Waive The Forum Selection Clause By Removing This Action To Federal Court.

Under 28 U.S.C. § 1441(a), a defendant may remove a case over which a federal court would have original jurisdiction as long as the defendant removes the case to the federal district court "embracing the place where such action is pending." "A defendant is entitled to have the suit removed to a proper federal court as a matter of [statutory] right, on complying with the

conditions prescribed by statute. If the requirements of the removal statute are met, the right to removal is absolute." *Regis Assocs. v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441).

Because the general venue statute, 28, U.S.C. § 1391, does not apply to removed actions, "federal courts have struggled with whether a defendant who removes to the appropriate district court under § 1441 may thereafter challenge the propriety of venue following removal." *Grant v. Kia Motors Corp.,* No. 3:14-CV-1584, 2014 WL 6680686, at *2–3 (M.D. Tenn. Nov. 25, 2014). There is no Sixth Circuit case directly on point. That said, at least one district court in the Circuit has grappled with this issue and adopted the prevailing view that a defendant who removes an action may challenge venue based on the venue provisions that would have applied in the state court if the venue challenge has been properly preserved. *Id.* (citing *Lambert v. Kysar,* 983 F.2d 1110, 1113 n. 2 (1st Cir. 1993) (finding that "the filing of a removal petition in a diversity action, without more, does not waive the right to object to the state court venue"); *PT United Can Co., Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 72 (2d Cir. 1998) ("A party who removes an action from state to federal court does not, in so doing, waive the defense of improper venue as to the underlying state court action.") (internal quotation omitted); *Transure, Inc. v. Marsh & McLennan, Inc.,* 766 F.2d 1297, 1300 (9th Cir. 1985) (examining state court venue rules in removed action); James Wm. Moore, *Moore's Fed. Practice* (3d ed. 2014), § 11.36[5][a].); *but see Hollis v. Fl. State Univ.,* 259 F.2d 1295, 1298–1300 (11th Cir. 2001) (holding that defendant may not challenge venue following removal)).

Indeed, the significant weight of authority suggests that removal does not cause a waiver of venue objections. For example, in a case procedurally analogous, the Northern District of California held, "[t]he law is clear. Defendants have not waived any objection to venue by

removing their case to federal court." *Soil Shield Intern., Inc. v. Lilly Industries, Inc.*, No. C 98-1353, 1998 WL 283580, at *2 (N.D. Cal. May 29, 1998) (granting the motion to dismiss for improper venue). *See also Rudder Elec., Inc. v. Consolidated Management Solutions, Inc.,* No. 4:07cv141, 2008 WL 53661, at *1 (S.D. Ind. Jan. 2, 2008) ("[S]o long as a defendant did not take actions in the state court that would have amounted to a waiver of an objection to venue, the removal to federal court does not waive such defenses, including improper venue."); *Tokio Marine & Fire Insurance Co., Ltd. v. Nippon Express U.S.A. (Illinois) Inc.*, 118 F.Supp.2d. 997, 1000 (C.D. Ca. 2000) ("[T]he Court finds that the better view is the view adopted by the First Circuit in *Lambert* and by the Northern District of California in *Soil Shield* that defendants have not waived their right to enforce the forum selection clause based upon their removal to this Court."); *Superior Precast, Inc. v. Safeco Ins. Co. of Am.,* 71 F.Supp.2d 438, 442 (E.D. Pa. 1999) ( [Defendant's] removal of the case to this court did not waive its right subsequently to object to this court's venue."); *Tanzman v. Midwest Express Airlines, Inc*., 916 F.Supp. 1013, 1018 (S.D. Cal. 1996) (standing for the same proposition and citing *Lambert* in referring to this law as "well settled").

Digital Ally's venue challenge is properly preserved in its Notice of Removal. Digital Ally stated: "By filing this Notice of Removal, Defendant does not waive its objections to service, personal jurisdiction, and/or venue, and specifically reserves its right to assert that the action violates an mandatory forum-selection clause in the parties' contract documents." [DE 1 at 3]. As the objection was properly preserved, Digital Ally has not waived the protections afforded by the Jurisdictional Provision.

   *4.   Remedy*

Both dismissal under Rule 12(b)(6) and transfer under 28 U.S.C. § 1404(a) are appropriate procedural mechanisms to enforce a forum selection clause. *See Ferris & Salter, P.C. v. Thomson*

7

*Reuters Corp.*, 819 F. Supp. 2d 667, 672 (E.D. Mich. 2011); *see also Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 933–34 (6th Cir. 2014). Digital Ally seeks dismissal of Jeffersontown's claim under Rule 12(b)(6); it does not argue alternatively for transfer of the matter under 28 U.S.C. § 1404(a) to the district court in Kansas.

The Supreme Court has explicitly declined to decide whether a defendant can obtain dismissal under Rule 12(b)(6) when a plaintiff sues in a forum other than that which had been bargained for in a relevant forum-selection clause. *Atl. Marine Constr. Co. v. United States Dist. Court for the W. Dist. of Tex.*, 124 S. Ct. 568, 581-82 (2013). The Sixth Circuit has implied that a Rule 12(b)(6) motion is procedurally proper. *Ferris & Salter,* 819 F. Supp. at 672-73 (; *see also Kelly v. Liberty Life Assurance Co. of Bos.,* No. CV 17-139-DLB, 2018 WL 558643, at *3–4 (E.D. Ky. Jan. 25, 2018).

The Court in *Kelly* outlined the relevant case law:

The *Ferris & Salter* Court looked to three Sixth Circuit cases in support of its analysis. First, neither § 1406(a) nor Rule 12(b)(3) were appropriate mechanisms for the situation of a properly venued action subject to a forum-selection clause that would require changing venues. *Id.* . . . Second, the Sixth Circuit had previously suggested in dicta that a party seeking to enforce a forum-selection clause should do so under 28 U.S.C. § 1404 or Rule 12(b)(6). *Id.* (citing *Langley v. Prudential Mortg. Capital Co.*, 546 F3d. 365, 369 (6th Cir. 2008)). And third, the Sixth Circuit had previously affirmed a lower court's dismissal under an unspecified Rule 12(b) motion for filing the action in a venue outside that contemplated by the applicable forum-selection clause. *Id.*

Without committing to a hard-and-fast rule, the Sixth Circuit's more recent case *Smith v. Aegon* confirms that dismissal under Rule 12(b)(6) is a permitted mechanism when a court is presented with an action brought in contradiction to the litigating parties' forum-selection agreement. *Smith*, 769 F.3d at 934 ("In our case, Smith's complaint was dismissed pursuant to Rule 12(b)(6) ... The district court did not abuse its discretion in dismissing the case instead of transferring it."). Thus, this Court is permitted to dismiss the matter under Rule 12(b)(6), but not required to do so. Pursuant to 28 U.S.C. § 1404(a), it may also transfer the matter to the appropriate federal forum.

*Kelly*, 2018 WL 558643, at *3–4 (selected citations omitted). According to the law outlined in *Kelly*, the Court may dismiss the matter under Rule 12(b)(6) or transfer this matter to the appropriate federal forum, rather than dismiss it outright.

District Courts have the power to transfer venue to a district where the case could have been brought "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). "The decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). The court may exercise this discretion *sua sponte*. *Carver v. Knox Cty.*, 887 F.2d 1287, 1291 (6th Cir. 1989).

In addition, district courts in this circuit have generally, but not exclusively, transferred the matter rather than dismiss it outright when contractual forum selection clauses have been used as a ground for a motion to dismiss under Rule 12(b)(6) or, in the alternative, transfer under § 1404(a). *Compare Valley Elec. Consol., Inc. v. TFG-Ohio, LP*, CASE NO. 4:16CV00060, 2016 WL 3570813, at *2–5 (N.D. Ohio June 30, 2016) (granting transfer); *MJ Direct Consulting, LLC v. Norvax, Inc.*, CASE NO. 1:12 CV 00513, 2012 WL 13027057, at *2 (N.D. Ohio July 18, 2012) (same); *STG Commc'n Servs., Inc. v. Nexlink Glob. Servs., Inc.*, CASE NO. 4:12CV0049, 2012 WL 13028666, at *2–5 (N.D. Ohio, June 29, 2012) (same); *Carrillo v. TIFCO Industries, Inc.*, No. 3–11–0733, 2011 WL 4538079, at *2–5 (M.D. Tenn. Sept. 29, 2011) (same); *J. Slagter & Son Const. Co. v. IBSC Grp., Inc.*, No. 1:11–CV–605, 2011 WL 3501866, at *5–6 (W.D. Mich. Aug. 10, 2011) (same); *Ohio Learning Ctrs., LLC v. Sylvan Learning, Inc.*, No. 1:10–CV–1062, 2010 WL 2803042, at *4, *8 (N.D. Ohio July 14, 2010) (same); *with O & G Energy, LLC v. Rimkus Consulting Grp., LLC*, Civil No. 11–147–ART, 2011 WL 6153194, at *6 (E.D. Ky. Dec. 12, 2011) (granting dismissal); *Broquet v. Builders Ctr. of Chi.*, No. 10–14922, 2011 WL 3442560, at *2 (E.D. Mich. Aug. 8, 2011) (same); *Ferris & Salter, P.C.*, 819 F. Supp. 2d at 673 (same); *Superior*

9

*Care Farmacy Inc. v. Med. Shoppe Intern., Inc.*, No. 2:10–cv–207, 2011 WL 597065, at *7 (S.D. Ohio Feb. 10, 2011) (same). At least one court has denied a motion to dismiss under Rule 12(b)(6) in favor of a *sua sponte* transfer of venue under § 1404(a), reasoning that "[d]ismissal of this action without a proper review of [the plaintiff's] claims on the merits would not be in the interests of justice [and] would run counter to the widely held principle that 'cases should, as far as possible, be determined on their merits and not on technicalities.'" *Williams v. CIGNA Corp.*, No. 5:10–CV–00155, 2010 WL 5147257, at *6 (W.D. Ky. Dec. 13, 2010) (quoting *Cooper v. Am. Emp. Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961)).

Because "[e]ven if the Court were to dismiss the action, there is a substantial likelihood that [Jeffersontown] would simply commence the action anew in the preselected forum, rendering dismissal inexpedient," *Valley Elec.*, 2016 WL 3570813, at *3, the Court will first evaluate whether transfer under § 1404(a) is permissible before considering dismissal under Rule 12(b)(6). Factors considered by a district court in transferring an action include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (citing *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties agreement as to the most proper forum." *Atl. Marine Constr. Co.*, 571 U.S. at 63 (internal quotations and citation omitted). As a result, "a district court may consider arguments about public-interest factors only," and "those factors will rarely defeat a

transfer motion." *Id*. at 64. Additionally, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 65 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981)). Because enforcement of a valid forum selection clause protects the parties' bargained-for interests and legitimate expectations, "and because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id*. at 64 (alteration in original) (internal quotations and citation omitted).

As discussed above, there are no public policy concerns sufficient to prevent the Court from transferring this matter to the federal court sitting in Kansas, and transfer is therefore proper under the circumstances. The court will therefore DENY Digital Ally's Motion to Dismiss under Rule 12(b)(6) and TRANSFER this matter to the federal district court in Kanas.

**B.      Attorneys' Fees Provision**

Digital Ally also moves for an award of attorneys' fees. According to the contract, such an award is appropriate only if Digital Ally is a "prevailing party." [DE 6-1 at 22].

In *Clarke v. Mindis Metals, Inc.*, 99 F.3d 1138 (6th Cir. 1996) (table), the Sixth Circuit held that when the parties use the term "prevailing party" in a contractual provision for recovery of attorneys' fees but fail to define the term, the parties intend the term "to have the meaning given it by the case law under Rule 54(d)(1)." *Id.* It is a "legal reality that 'prevailing party' covers only parties 'in whose favor a judgment is rendered.'" *McQueary v. Conway*, 614 F.3d 591, 597 (6th Cir. 2010) (quoting *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)). This means that "to be a prevailing party, the [litigant] must obtain a

11

'material' change in the legal relationship between [itself] and the [adverse party]." *Id.* at 598 (quoting *Sole v. Wyner*, 551 U.S. 74, 82 (2007)).

The contract in this suit does not further define the term "prevailing party," so attorneys' fees are only awardable under the contract if there has been a material change in the legal relationship between Jeffersontown and Digital Ally. This Order merely transfers venue for the suit. It. does not materially change the relationship between Jeffersontown and Digital Ally. The Court will therefore DENY Digital Ally's Motion to Dismiss as it relates to attorneys' fees.

### IV. CONCLUSION

Having considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS AS FOLLOWS**:

(1) The Defendant's Motion to Dismiss, [DE 6], is **DENIED**.

(2) The Clerk is directed to **TRANSFER** this case to the United States District Court for the District of Kansas.